J-S34044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LYNWOOD E. RAY, | |
| Appellant | No. 269 EDA 2016 |

Appeal from the PCRA Order January 5, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0008880-2008

BEFORE:  BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 23, 2017**

Appellant, Lynwood E. Ray, appeals, *pro se*, from the order of January 5, 2016, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.

On October 19, 2009, following a bench trial, the court convicted Appellant of rape by forcible compulsion and related sexual offenses.  On January 19, 2010, the trial court sentenced Appellant to an aggregate term of incarceration of not less than twenty-five nor more than fifty years.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant filed a timely appeal. On December 15, 2011, this Court affirmed the judgment of sentence. (*See Commonwealth v. Ray*, 40 A.3d 192 (Pa. Super. 2011)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On August 22, 2012, Appellant filed a motion for production of transcripts and other related documents. The trial court did not act on the motion. On September 8, 2014, Appellant, acting *pro se*, filed a PCRA petition seeking restoration of his direct appeal rights *nunc pro tunc*. (*See* PCRA Petition, 9/08/14, at 3). On February 9, 2015, Appellant filed a motion for a *Grazier*[1] hearing. The PCRA court did not rule on the motion.[2] On April 23, 2015, counsel entered an appearance on behalf of Appellant.

On July 27, 2015, counsel filed a *Turner*/*Finley* letter.[3] On September 28, 2015, counsel filed a second *Turner*/*Finley* letter in response to an amended PCRA petition Appellant had sent him. On September 29, 2015, Appellant filed a *pro se* amended PCRA petition. On October 1, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1).

_____

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

[2] While, ordinarily, we would remand the matter for a hearing on the motion, the issue is moot.

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant filed a response to the Rule 907 notice on October 23, 2015. On December 10, 2015, counsel filed a third *Turner*/*Finley* letter. On January 5, 2016, the PCRA court dismissed Appellant's PCRA and amended PCRA petitions as untimely and granted counsel's request to withdraw.

On January 14, 2016, Appellant filed a timely notice of appeal. On February 17, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on March 7, 2016. *See id.* On July 25, 2016, the PCRA court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for this Court's review.[4]

1. Whether the court below erred in [dismissing] Appellant's PCRA petition as untimely where the Appellant did claim abandonment of counsel pursuant to 42 Pa.C.S.A. § 9545(b)[?]

2. Whether appellate counsel was ineffective for failing to keep the Appellant informed of the status of his direct appeal as instructed to do so by the Appellant[?]

3. Whether [the] PCRA court abused its discretion [or] commit[ted] [an] error of law by dismissing [Appellant's] September 8, 2014 PCRA as untimely rather than accepting it as [an] amend[ment] to [Appellant's] August 22, 2012 first timely PCRA erroneousl[y] title[d] Motion for Notes of Testimony; or for di[s]missing [Appellant's] PCRA as untimely when exception was invoke[d] and applicable in the matter[?]

---

[4] We note that despite requesting and receiving two extensions of time to file a brief, the Commonwealth filed a late brief in this matter.

    4. Whether PCRA counsel was ineffective for filing a "No-Merit" letter without adequate[] review of the record or proper understanding of the law where [Appellant's] August 22, 2012 PCRA (erroneously title[d] Motion for Notes of Testimony wherein at Averment Three.) [Appellant] put the PCRA counsel on notice of his intent of seeking relief[?]

(Appellant's Brief, at 3) (unnecessary capitalization omitted).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on September 8, 2014. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on January 16, 2012, thirty-two days[5] after this Court affirmed the judgment of sentence and Appellant failed to seek leave to appeal to the Pennsylvania Supreme Court. *See* Pa.R.A.P.

_____

[5] The thirtieth day, January 14, 2012, was a Saturday.

1113(a)(1); 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had one year, until January 16, 2013, to file a timely PCRA petition. Because Appellant did not file his petition until September 8, 2014, the petition is facially untimely. Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1).

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

Here, Appellant does not specifically argue any of the above-listed exceptions. Instead, he argues two issues: that his petition was timely because he received ineffective assistance of direct appeal counsel, (***see*** Appellant's Brief, at 7-9); and that, in actuality, his 2012 motion for transcripts was a first PCRA petition and his current petition should be treated as an extension of that petition. (***See id.*** at 10-11).

Appellant argues that he received ineffective assistance of direct appeal counsel. (***See*** Appellant's Brief, at 7-9). Appellant does not present an exception to the time-bar by claiming ineffective assistance of counsel. *See Commonwealth v. Davis*, 816 A.2d 1129, 1135 (Pa. Super. 2003), *appeal denied*, 839 A.2d 351 (Pa. 2003) ("[A]ttempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts.") (citations omitted). Thus, Appellant's ineffective assistance of counsel claims do not serve as an exception to the time bar. ***See id.*** at 1135.

On appeal, for the first time, Appellant claims that his PCRA petition is timely because it is an extension of a 2012 motion for transcripts that Appellant now avers was a timely first PCRA petition. (***See*** Appellant's Brief, at 10-11). However, it is long settled that PCRA issues not raised in a PCRA petition or amended PCRA petition are waived on appeal. ***See Commonwealth v. Lauro***, 819 A.2d 100, 103-04 (Pa. Super. 2003), *appeal*

*denied*, 830 A.2d 975 (Pa. 2003) (waiving five issues not in original or amended PCRA petition). Also, as amended in 2007, Rule 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 430 (Pa. Super. 2009). Further, an appellant cannot raise a subject for the first time on appeal. **See Commonwealth v. Hanford**, 937 A.2d 1094, 1098 n.3 (Pa. Super. 2007), *appeal denied*, 956 A.2d 432 (Pa. 2008) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a). Here, Appellant did not argue this in his PCRA petition, his amended PCRA petition, or his Rule 1925(b) statement, raising the issue for the first time in his brief on appeal. Thus, he waived his contention.[6] **See Lord**, **supra** at 308; **Handford**, **supra** at 1098 n.3; **Lauro**, **supra** at 103-04.

---

[6] Even if Appellant had not waived the claim, it would fail. This Court has reviewed the 2012 filing and it is plainly a motion for transcription of the notes of testimony, not a PCRA petition. (**See** Motion for Notes of Testimony, 8/22/12, at unnumbered pages 1-2). In fact, in it, contrary to the record, Appellant states that he needs the notes of testimony for a PCRA petition that is already pending. (**See id.** at 1). Moreover, it is well settled that a defendant need not possess transcripts and other court documents before pursuing post-conviction relief. **See Commonwealth v. Crider**, 735 A.2d 730, 733 (Pa. Super. 1999).

Accordingly, because Appellant failed to plead and prove that his petition falls within one of the enumerated exceptions to the PCRA time-bar, it is untimely. Thus, the PCRA court properly dismissed it. We are without jurisdiction to consider the merits of his appeal.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2017